[No. 12539-1-II.   Division Two.   January 14, 1991.]

BEVERLY ALLEN, *as Personal Representative, Appellant,* v. THE STATE OF WASHINGTON, *Respondent.*

*Stephen P. Schnautz* and *Castle, Schnautz, Hilfer & Leemon, P.S.,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Rene D. Tomisser, Assistant,* for respondent.

REED, J.*—Beverly Allen appeals from an order granting the State's motion for summary judgment, which dismissed her wrongful death action because the action was filed after the statute of limitations had run. Allen contends that the "discovery rule" should have been applied to toll the statute of limitations until she discovered the essential elements of the cause of action. Assuming, without deciding, that the discovery rule applies to this case, we conclude that Allen did not diligently pursue her claim and, therefore, affirm.

Stephen Allen was shot and killed in the Yorktown Restaurant in Tacoma on December 18, 1979. The assailants' identities were not immediately known. The Pierce County Sheriff's Office contacted Beverly Allen and informed her that officers would be investigating her husband's death. For several months thereafter, Allen, who resided in Mount Vernon, maintained contact with the sheriff's office by telephone. Eventually she stopped making inquiries.

Robert Stratton and John Anderson eventually were arrested for Stephen Allen's murder. Stratton and Anderson were convicted on May 4, 1982. Allen admitted in her affidavit that she had "heard that somebody had been convicted of the murder sometime in 1982 or 1983. . . ."

During Stratton and Anderson's trial there was considerable press coverage. Stephen Allen's parents kept some of the articles published about the murder, including an article from a Mount Vernon newspaper. Those articles also contained information indicating that both Stratton and Anderson had prior convictions and that both had been released from prison on parole prior to the killings. In 1984,

---

*Judge Edward P. Reed was a member of the Court of Appeals at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the Court pursuant to CAR 21(c).

Allen's son, Troy, discovered the newspaper articles while visiting his grandparents. He then sought legal advice.

In October 1985, Allen brought this wrongful death and survival action against the State, claiming that the State was negligent, was grossly negligent, and/or committed wanton and willful misconduct in releasing, managing, and supervising Stratton and Anderson. The trial court granted the State's motion for summary judgment because Allen had failed to bring her cause of action within the 3-year statute of limitations.

In reviewing the trial court's decision to grant summary judgment, this court engages in the same inquiry as the trial judge. *Hontz v. State,* 105 Wn.2d 302, 311, 714 P.2d 1176 (1986). A motion for summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c); *Hontz,* 105 Wn.2d at 311.

■ The "discovery rule" provides that a cause of action "accrues" at the time the party or, as here, the personal representative, discovered or reasonably should have discovered all of the facts establishing the essential elements of his or her cause of action, *i.e.,* duty, breach, causation, and damages. *Ohler v. Tacoma Gen. Hosp.,* 92 Wn.2d 507, 511, 598 P.2d 1358 (1979). The rule has been applied to wrongful death and survival actions. *White v. Johns–Manville Corp.,* 103 Wn.2d 344, 353, 693 P.2d 687, 49 A.L.R.4th 955 (1985). The rule delays accrual of the cause of action only until the claimant knew or reasonably should have known of the facts necessary to establish the cause of action. It does not delay accrual until the claimant knows that she has a legal cause of action, and the claimant must exercise reasonable diligence in pursuing a legal claim. *Reichelt v. Johns–Manville Corp.,* 107 Wn.2d 761, 772, 733 P.2d 530 (1987). Assuming that the discovery rule applies

to this case,[1] Allen's cause of action accrued at the time she discovered or reasonably should have discovered that Stratton and Anderson had caused Stephen Allen's death.

Allen contends that she did not discover the essential elements of her cause of action until September 27, 1985, when the attorneys consulted by her son informed her of the cause of action. However, the relevant question is when Allen reasonably should have discovered the facts establishing the essential elements of her causes of action. While the question of when a claimant reasonably should have discovered such facts is generally considered a genuine issue of material fact which would preclude the trial court from granting summary judgment, *Ohler v. Tacoma Gen. Hosp.,* 92 Wn.2d at 512, when reasonable minds could reach but one conclusion, questions of fact may be determined as a matter of law. *Hartley v. State,* 103 Wn.2d 768, 775, 698 P.2d 77 (1985). The question may be determined as a matter of law here.

Although Allen may not have had actual knowledge of all of the facts establishing the essential elements to her causes of action until September 1985, she was required to act with due diligence in investigating and ascertaining those facts. *See White,* 103 Wn.2d at 353–54; *see also Gevaart v. Metco Constr., Inc.,* 111 Wn.2d 499, 502, 760 P.2d 348 (1988). Allen had made inquiries of the investigating office

---

[1]When this lawsuit was commenced in 1985, the statute of limitations did not calculate the period of limitation from the date of "accrual." In 1984, the Legislature repealed RCW 4.16.010, which provided that "[a]ctions can only be commenced within the periods herein prescribed after the cause of action shall have accrued," with certain exceptions. *See* Laws of 1984, ch. 76, § 9. This "accrual" standard was not reenacted until 1989, under RCW 4.16.005. *See* Laws of 1989, ch. 14, § 1. Therefore, it could be argued that the discovery rule does not apply when there was no issue as to when the cause of action "accrued." However, as the parties have not addressed this issue, and its resolution is not necessary to our decision in this case, we leave the question for another day.

soon after the killing, but did not inquire further, even after she admittedly knew that "somebody had been convicted of [her husband's] murder sometime in 1982 or 1983. . . ." Stratton and Anderson were convicted on May 4, 1982. We conclude that in the exercise of due diligence, Allen could have discovered the essential elements of her causes of action as of this date. Her affidavit and deposition testimony are devoid of factual assertions as to her inability, in the exercise of due diligence, to have discovered the essential elements of the causes of action. Her assertion that "[t]he first time I had knowledge of all elements of my cause of action was September 27, 1985" was not enough to create a genuine issue of material fact as to whether she reasonably could have discovered the facts establishing those elements. Having failed to do so, the 3–year statute of limitations began running, at the latest, on the date of judgment and sentence. Allen's commencement of her lawsuit occurred outside that 3–year period. Therefore, the trial court properly granted summary judgment in favor of the State.

Affirmed.

WORSWICK, C.J., concurs.

ALEXANDER, J. (concurring)—I concur in the result reached by the majority. I concur specially only because I disagree with the majority opinion insofar as it is stated that "[a]ssuming, without deciding, that the discovery rule applies to this case". Majority, at 274. As we stated in *In re Estates of Hibbard*, 60 Wn. App. 252, 258, 803 P.2d 1312 (1991), the discovery rule should apply in all negligence cases and I do not wish to see us detract from that opinion. However, because I agree with the majority that reasonable minds could only conclude that Allen failed to diligently

pursue her wrongful death claim, I believe that we should affirm the summary judgment in favor of the State.

Reconsideration denied March 13, 1991.

Review granted at 117 Wn.2d 1001 (1991).