123 P.3d 465 (2005)
129 Wash.App. 599
Randall L. CLARE, as Personal Representative of the Estate of Clifford S. Clare, Appellant,
v.
SABERHAGEN HOLDINGS, INC., as successor to Tacoma Asbestos Company and The Brower Company; General Motors Corporation, Respondents,
Bartells Asbestos Settlement Trust; Combustion Engineering, Inc.; Dana Corporation; Dresser Industries, Inc. (f/k/a Worthington Corp. and successor-in-interest to Worthington Corporation); Halliburton Company, a Subsidiary of Halliburton Energy Services, Inc.; Halliburton Energy Services, Inc.; Rapid-American Corporation; Honeywell International Inc., successor-in-interest to Allied Signal, Inc.; Genuine Parts Company; Kaiser Gypsum Company, Inc.; Hanson Permanente Cement, Inc. f/k/a Kaiser Cement Corporation; Maremont Corporation; and Union Carbide Corporation, Defendants.
No. 52871-8-I.
Court of Appeals of Washington, Division 1.
February 7, 2005.
Publication Ordered March 10, 2005.
*466 Matthew Bergman, Meg Pageler, David Frockt, Bergman Senn Pageler & Frockt, for Appellant.
Bradford Patrick, Theodore Preg, Preg O'Donnell & Gillett PLLC, Timothy Thorson, Carney Badley Spellman, Seattle, for Respondents.
GROSSE, J.
¶ 1 By the time of his father's death, Randall L. Clare, individually and as the personal representative of the Estate of Clifford S. Clare, either knew or should have known of the essential elements of the product liability, negligence, wrongful death, and survivorship claims arising from that death. Because this action was not filed for a period of almost six years, the claims are barred by the applicable three-year statute of limitations. Summary judgment was appropriate.

FACTS
¶ 2 Clifford S. Clare had a number of jobs during his life. Mainly he had been a truck mechanic, but he also worked as a steel company welding assistant and a home reconstruction worker. In June 1996, he was diagnosed with metastatic mesothelioma. He died of the disease within six months of the diagnosis. Before Clare died, his physician noted in Clare's medical records that Clare worked as a truck mechanic for about 30 years, including brake repair, which likely exposed him to asbestos dust. The physician also noted there was no other significant overt asbestos exposure.
¶ 3 On October 16, 2002, almost six years after Clare's death, Vola I. Clare, as surviving spouse and the prospective personal representative of Clare's estate, filed a complaint against a number of defendants, including Saberhagen Holdings, Inc. Later amendments to the complaint changed the plaintiff to Randall L. Clare as personal representative, and added General Motors Corporation (GMC) as a defendant.
¶ 4 The trial court granted summary judgment to GMC and Saberhagen after it determined that reasonable minds could reach only one conclusion with respect to application of the statute of limitations, despite potential application of the discovery rule.

DECISION[1]
¶ 5 RCW 4.16.080(2) sets a three-year statute of limitations for torts, which includes product liability actions. Generally, accrual of the statute of limitations begins at the time the act or omission causing the tort injury occurs.[2] The complaint includes causes of action for wrongful death and negligence which are also subject to the three-year statute of limitations. Here, accrual of the statute of limitations is governed by the discovery rule.[3]
¶ 6 Randall L. Clare, as personal representative of the Estate of Clifford S. Clare, claims that proper application of the discovery rule should result in a holding that the claims were not time barred.[4] Under Washington's discovery rule, a cause of action does not accrue until a party knows or reasonably *467 should have known the essential elements of the possible cause of action.[5]
¶ 7 However,
The general rule in Washington is that when a plaintiff is placed on notice by some appreciable harm occasioned by another's wrongful conduct, the plaintiff must make further diligent inquiry to ascertain the scope of the actual harm. The plaintiff is charged with what a reasonable inquiry would have discovered. "[O]ne who has notice of facts sufficient to put him upon inquiry is deemed to have notice of all acts which reasonable inquiry would disclose." Hawkes v. Hoffman, 56 Wash. 120, 126, 105 P. 156 (1909).[6]
Thus, the discovery rule requires a plaintiff to use due diligence in discovering the basis for the cause of action.[7]
¶ 8 The plaintiff bears the burden of proving that the facts constituting the claim were not and could not have been discovered by due diligence within the applicable limitations period.[8] Whether a party exercised due diligence is normally a factual issue, which usually precludes granting summary judgment.[9] However, when reasonable minds could reach but one conclusion, questions of fact may be determined as a matter of law.[10]
¶ 9 In the summary judgment context we determine whether sufficient undisputed facts exist to establish the time of accrual. In other words, the discovery rule will postpone the running of the statute of limitations only until the time a plaintiff, through the exercise of due diligence, should have discovered the basis for the cause of action. A cause of action will accrue on that date even if actual discovery did not occur until a later date.[11] The key consideration under the discovery rule is the factual, not the legal, basis for the cause of action.[12]
¶ 10 Here, Randall Clare, as personal representative, relies on his own declaration and that of his mother, the surviving spouse, indicating they did not know about the availability of a cause of action for Clare's mesothelioma until 2002. But medical records dated November 1, 1996, which have been provided in this case, indicate that Clare worked as a truck mechanic for 30 years, which likely exposed him to asbestos dust in brakes, causing his disease. In these circumstances, the personal representative's position ignores the responsibility to affirmatively investigate the facts and circumstances. The knowledge acquired by Clare in connection with the illness and death of his father gave rise to a duty of diligence if accrual of the statute of limitations was to be postponed. A claimant who knows of the harm and the immediate cause of the harm, but fails to make any meaningful inquiry, has breached the due diligence duty.[13]
¶ 11 As our Supreme Court held in Reichelt:
Mr. Reichelt would have us adopt a rule that would in effect toll the statute of limitations until a party walks into a lawyer's office and is specifically advised that he or she has a legal cause of action; that is not the law. A party must exercise reasonable diligence in pursuing a legal claim. If such diligence is not exercised in *468 a timely manner, the cause of action will be barred by the statute of limitations.[14]
The relevant facts necessary to investigate the claims here were known in November 1996, or at the latest by the date of Clifford Clare's death in December 1996. The decedent and his family knew he was a mechanic, that he had been exposed to asbestos-laden brake dust, and that the defendants supplied the trucks or materials for the trucks on which he worked. While the Clares may not have specifically known the legal cause, they certainly had facts giving rise to a duty to inquire. Yet the action was not filed until almost six years later.
¶ 12 In sum, under the discovery rule, a plaintiff's cause of action accrues when he or she knew or should have known the essential statutory elements of the claim. A plaintiff "should have known" when he or she is placed on notice that the statutory elements are in place, and the plaintiff is charged with what a reasonable or diligent inquiry would have discovered at that time.[15] In the present case, the decedent and his representatives failed to investigate. The utter lack of any effort to investigate the cause of Clare's asbestos-related disease for a period of almost six years cannot save the causes of action. As a matter of law, Clare and/or his representatives knew of the elements of the various causes of action by December of 1996 at the latest.
¶ 13 The trial court properly applied the discovery rule and found there was a lack of any diligence to ascertain information necessary to timely proceed with claims. The summary judgment is affirmed.
WE CONCUR: COX, C.J.
SCHINDLER, J. (Dissenting).
¶ 14 I respectfully dissent. I disagree with the conclusion that Saberhagen Holdings, Inc. (Saberhagen) and General Motors Corporation (GMC) met their burden on summary judgment and that a single isolated and ambiguous entry in a medical record establishes as a matter of law that Clifford Clare and his family knew or should have known the essential facts to support each of the elements of their tort claims. Green v. A.P.C., 136 Wash.2d 87, 100, 960 P.2d 912 (1998); Allen v. State, 118 Wash.2d 753, 758, 826 P.2d 200 (1992).
¶ 15 One month before he died of malignant mesothelioma, Clifford Clare saw Dr. Michael Rooney for shortness of breath and chest discomfort in his right side. In the emergency consultation report under the section entitled "Habits" Dr. Rooney states:
HABITS:
Tabacco; smoking until 1962, at which he abruptly quit and has not resumed. Alcohol; he is a nondrinker.
There has been no significant overt asbestos exposure, although he did work as a truck mechanic for about 30 years, including brake repair, which might have exposed him to asbestos dust.[16]
¶ 16 Saberhagen and GMC relied exclusively on Dr. Rooney's statement that Clare "might have been exposed to asbestos dust" to establish that reasonable minds could only reach the conclusion that as a matter of law Clare and his family knew or should have known that Saberhagen and GMC were responsible for Clare's exposure to asbestos when he worked as a truck mechanic and repaired brakes. The majority similarly relies on Dr. Rooney's statement to reach the same conclusion.
¶ 17 There is no evidence about what Dr. Rooney told Clare or that Dr. Rooney told Clare or Clare's family that he might have been exposed to asbestos products as a truck mechanic.[17] Dr. Rooney's entry is subject to competing inferences and reasonable minds cannot reach only one conclusion based on this entry. "[W]here different inferences may be drawn from evidentiary facts as to ultimate facts such as knowledge, summary judgment is not warranted." Aduddell v. *469 Johns-Manville Corp., 42 Wash.App. 204, 207, 709 P.2d 822 (1985), quoting Preston v. Duncan, 55 Wash.2d 678, 681-82, 349 P.2d 605 (1960). See also, Hash v. Children's Orthopedic Hospital & Medical Center, 110 Wash.2d 912, 915-916, 757 P.2d 507 (1988).
¶ 18 There are factual questions about what Clare and his family members knew and the timing of that knowledge.[18] On this record, dismissal of Clare's lawsuit on summary judgment is not appropriate.
NOTES
[1] The usual standard of review for summary judgment applies. In reviewing a grant of summary judgment, an appellate court engages in the same inquiry as the trial court. Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982). We review the motion for summary judgment de novo, and treat all facts and inferences therefrom in a light most favorable to the nonmoving party. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). Where reasonable minds could reach but one conclusion from the admissible facts in evidence, summary judgment should be granted. LaMon v. Butler, 112 Wash.2d 193, 199, 770 P.2d 1027 (1989).
[2] White v. Johns-Manville Corp., 103 Wash.2d 344, 348, 693 P.2d 687 (1985).
[3] Sahlie v. Johns-Manville Sales Corp., 99 Wash.2d 550, 553, 663 P.2d 473 (1983).
[4] RCW 7.72.060 was enacted to modify the discovery rule in product liability cases, but only applies to claims arising on or after July 26, 1981. See RCW 4.22.920. Clare alleges that the exposure here occurred prior to 1981 and that the later statute is not applicable to the present litigation.
[5] Ohler v. Tacoma Gen. Hosp., 92 Wash.2d 507, 511, 598 P.2d 1358 (1979); Sahlie v. Johns-Manville, 99 Wash.2d at 553, 663 P.2d 473.
[6] Green v. A.P.C., 136 Wash.2d 87, 97, 960 P.2d 912 (1998).
[7] Allen v. State, 118 Wash.2d 753, 758, 826 P.2d 200 (1992); In re Estates of Hibbard, 118 Wash.2d 737, 746, 826 P.2d 690 (1992); Reichelt v. Johns-Manville Corp., 107 Wash.2d 761, 772, 733 P.2d 530 (1987).
[8] G.W. Constr. Corp. v. Professional Serv. Indus. Inc., 70 Wash.App. 360, 367, 853 P.2d 484 (1993).
[9] Winbun v. Moore, 143 Wash.2d 206, 213, 18 P.3d 576 (2001).
[10] Allen v. State, 60 Wash.App. 273, 276, 803 P.2d 54 (1991), affirmed, 118 Wash.2d 753, 826 P.2d 200 (1992).
[11] Allen v. State, 118 Wash.2d at 758, 826 P.2d 200.
[12] Allen v. State, 118 Wash.2d at 758, 826 P.2d 200.
[13] Gevaart v. Metco Constr., Inc., 111 Wash.2d 499, 502, 760 P.2d 348 (1988); Zaleck v. Everett Clinic, 60 Wash.App. 107, 114, 802 P.2d 826 (1991).
[14] Reichelt, 107 Wash.2d at 772-73, 733 P.2d 530.
[15] See Green, 136 Wash.2d at 96, 960 P.2d 912.
[16] Clerk's Papers (CP) at 66.
[17] Saberhagen and GMC did not depose Dr. Rooney, Clare's treating doctors or any of Clare's family members to find out what Clare was told.
[18] Reichelt v. Johns-Manville, 107 Wash.2d 761, 733 P.2d 530 (1987) does not compel a different result. In Reichelt the undisputed facts showed Reichelt's in depth knowledge that asbestos was an unreasonably dangerous product and his knowledge of the identity of the manufacturers of the product.