FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 MAR 3  AM 9: 16



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| NONNA VERD, a single woman, ) | DIVISION ONE |
| ) | |
| Plaintiff, ) | No. 69636-0-I |
| ) | |
| v. ) | UNPUBLISHED OPINION |
| ) | |
| ZINAIDA BOSSERDT and VICTOR ) | |
| BOSSERDT, husband and wife and the ) | |
| marital community composed thereof; ) | |
| and KING PASTRY & DELI, INC., ) | |
| ) | |
| Appellants, ) | |
| ) | |
| B. DAVID THOMAS, ) | |
| ) | |
| Respondent. ) | FILED: March 3, 2014 |
| ) | |

DWYER, J. – Under the "discovery rule," a statutory limitation period does not begin to run on a cause of action until the plaintiff knows, or through the exercise of due diligence would have reason to know, the facts constituting the cause of action. Zinaida and Victor Bosserdt assert that the trial court erred in dismissing their claims against attorney David Thomas under pertinent limitation periods, arguing that their claims were timely under the discovery rule. Because the Bosserdts fail to address whether, through the exercise of due diligence, they could have earlier discovered the facts constituting their causes of action, we affirm.

I

In 2004, attorney David Thomas assisted Nonna Verd with the formation of her business, King Pastry & Deli, Inc., and became its registered agent.

In 2006, Thomas drafted a stock purchase agreement for the sale of Verd's interest in King Pastry to Zinaida and Victor Bosserdt.

On July 17, 2007, the Bosserdts, through their attorney, sent a letter to the Bellevue Police Department and the Federal Bureau of Investigation alleging that Verd and her sister had conducted an extensive loan scam involving their businesses since at least 2003. The letter alleged that when the sisters borrow money, they "never disclose the real situation which is that they systematically borrow money from their victims, their business and they themselves are heavily in debt, with countless liens and judgments against them." The letter listed the names, telephone numbers, and loan amounts for 10 victims and nearly 20 other targets or victims who were repaid. The letter noted that one victim sued Verd in 2003, but Verd did not appear and was arrested in 2004. The victim eventually obtained a default judgment in 2005. Another victim sued Verd in 2006 for fraud, misrepresentation, and other causes of action. The Bosserdts attached copies of promissory notes, checks, and financial and court documents.

On September 6, 2007, Nonna Verd sued the Bosserdts and King Pastry for damages stemming from the Bosserdts' alleged breach of fiduciary duties.

On November 16, 2007, the Bosserdts filed a counterclaim against Verd for breach of contract, fraud, intentional misrepresentation, Consumer Protection

Act violations, breach of fiduciary duty, and violations of securities laws. The complaint alleged in part that Verd had not fully disclosed King Pastry's debts prior to executing the stock purchase agreement.

In August, 2008, the Department of Financial Institutions (DFI) issued a "Statement of Charges and Notice of Intent to Enter Order to Cease and Desist" to Verd and King Pastry. DFI alleged that between 2004 and 2006, Verd sold investments in the form of promissory notes, shares of stock, and investment contracts to eight investors for a total of over $800,000. The Statement of Charges concluded with allegations that Verd and King Pastry violated the registration and fraud provisions of the Securities Act of Washington, chapter 21.20 RCW, and with a notice of intent to order them to cease and desist from further violations.[1]

On May 14, 2010, the Bosserdts filed a motion to add Thomas to their counterclaims as a third-party defendant. The court eventually granted both motions.

On July 30, 2010, the Bosserdts filed and served a third party complaint against Thomas. The complaint alleged that in October 2006, the Bosserdts learned that King Pastry was heavily in debt and owed $200,000 to Evgeniya Vaysberg, a prior investor. The complaint further alleged that this loan and others were not disclosed by Verd or Thomas, that Verd "had a long history of

---

[1] On November 24, 2008, the Bosserdts filed a document entitled "Notice of Bankruptcy Filing" in their case against Verd. The document stated in part: "All proceedings herein are stayed pursuant to the provisions of 11 USC § 362." The Bosserdts do not argue on appeal that their bankruptcy tolled the limitation periods on their various causes of action.

borrowing money from people without any intention or ability to pay the money back," and that Thomas, "acting for [Verd,] knew or should have known that [she] had fraudulently misrepresented the facts of the stock purchase transaction . . . knowing the same to be false." The complaint set forth causes of action against Verd and Thomas for fraud, negligent misrepresentation, violation of the Securities Act of Washington, violation of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and violation of the Consumer Protection Act, chapter 19.86 RCW.

In answers to interrogatories, the Bosserdts stated that their claims against Thomas were based on the following:

> [W]e believe that . . . Mr. Thomas . . . knew or should have known about the transactions that involved the purchase and sale of King Pastry . . . common stock and loan transactions, otherwise he could not have adequately advised Nonna Verd. [Interrogatory No. 2.]
>
> . . .
>
> Mr. Thomas also knew or should have known about the Vaysberg transaction because there were discussions about an action as far back as June 2006, four months prior to this transaction. . . .
> Mr. Thomas knew or should have known about the UCC filing of lien on King Pastry & Deli, Inc. by Kautsman Construction Inc. because it was filed on or about 5/1/2005, prior to the drafting of our agreement. . . .
> Mr. Thomas knew or should have known that King Pastry & Deli, Inc. had a Washington State Tax Warrant filed against them in 2005 because he was the registered agent of King Pastry & Deli, Inc. . . . [Interrogatory No. 1.]

Zinaida Bosserdt stated in her deposition that she learned of the Kautsman Construction lien by July 16, 2007.

In October, 2011, Thomas moved to dismiss the third-party complaint, arguing that the Bosserdts' causes of action were time-barred. He argued that all of the claims were subject to three-year statutes of limitation, that all were based on his alleged failure to reveal the Vaysberg loan and a construction lien in the stock purchase agreement, and that the Bosserdts were aware of those omissions no later than July 17, 2007. Because the Bosserdts did not file their third-party complaint until July 30, 2010, he asserted, their claims were time-barred.

The Bosserdts countered that their causes of action did not accrue, and the relevant limitation periods did not begin to run, until DFI issued its Statement of Charges in August 2008. According to the Bosserdts, they did not know until they read the Statement of Charges that Verd's agents, including Thomas, were potentially liable.

The court granted summary judgment dismissing all claims against Thomas.[2] The Bosserdts appeal.

## II

The sole issue on appeal is whether the superior court erred in granting summary judgment. We review that decision de novo, engaging in the same inquiry as the trial court. Dillon v. Seattle Deposition Reporters, LLC, __ Wn. App. __, 316 P.3d 1119, ¶ 20 (2014). Summary judgment is proper if the pleadings, affidavits, depositions, and admissions on file demonstrate that there

---

[2] Following summary judgment for the Bosserdts on their counterclaims against Verd, the court held a trial on damages and awarded the Bosserdts $684,134.36 in damages.

is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. CR 56(c); Dillon, 316 P.3d at ¶ 20. All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. Lamon v. McDonnell Douglas Corp., 91 Wn.2d 345, 349, 588 P.2d 1346 (1979).

The Bosserdts contend summary judgment was improper because their claims were timely filed under the discovery rule. Under that rule, "a cause of action does not accrue—and as a result the statute of limitations does not begin to run—until the plaintiff knows, or has reason to know, the factual basis for the cause of action." Bowles v. Wash. Dep't of Ret. Sys., 121 Wn.2d 52, 79-80, 847 P.2d 440 (1993). The discovery rule requires a plaintiff to exercise reasonable diligence in discovering the basis for their cause of action, Reichelt v. Johns–Manville Corp., 107 Wn.2d 761, 772, 733 P.2d 530 (1987), and a "'plaintiff is charged with what a reasonable inquiry would have discovered.'" 1000 Virginia Ltd. P'ship v. Vertecs Corp., 158 Wn.2d 566, 581, 146 P.3d 423 (2006) (quoting Green v. A.P.C., 136 Wn.2d 87, 96, 960 P.2d 912 (1998)). We may decide the applicability of the discovery rule as a matter of law where the facts are subject to only one reasonable interpretation. Allen v. State, 118 Wn.2d 753, 760, 826 P.2d 200 (1992).

The Bosserdts principal argument on appeal is that they "did not discover [Thomas'] possible involvement in this case until after the [DFI] entered their Statement of Charges" in August 2008. Therefore, they conclude, the statute of

limitations did not commence until August 2008 and their July 30, 2010 complaint against Thomas was not time-barred. This argument is flawed in several respects.

First, in his briefing below and before this court, Thomas argued, and the Bosserdts did not dispute, that the party invoking the discovery rule bears the burden of showing that the facts constituting their claims "were not *and could not have been* discovered by due diligence within the applicable limitations period." Clare v. Saberhagen Holdings, Inc., 129 Wn. App. 599, 603, 123 P.3d 465 (2005) (emphasis added) (citing G.W. Constr. Corp. v. Prof'l Serv. Indus. Inc., 70 Wn. App. 360, 367, 853 P.2d 484 (1993)); accord Martin v. Dematic, __ Wn. App. __ , 315 P.3d 1126 (2013). The Bosserdts opening brief focuses solely on when they allegedly discovered the facts supporting their claims. The brief says nothing about why the facts known to them, together with a reasonable inquiry, could not have provided all the facts necessary for them to assert their claims prior to July 30, 2007.[3] To the extent the Bosserdts raise such arguments for the first time in their reply brief, the arguments come too late. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (argument raised for the first

---

[3] It is undisputed that Thomas was the registered agent for King Pastry and Verd's counsel, that he drafted the King Pastry stock sale agreement for Verd, that he did not include the Vaysberg loan and the Kautsman Construction lien in the agreement, and that the Bosserdts knew of that loan and lien no later than July 17, 2007. In addition, they knew no later than July 17, 2007 that Verd had been conducting an extensive, ongoing loan scam involving King Pastry and other businesses, and that the businesses were "heavily in debt, with countless liens and judgments against them. . . ." The fact that they forwarded the latter information to police and the FBI on July 17, 2007, indicates that they believed by that date that Verd's activities violated both state and federal laws.

time in reply brief need not be considered). The Bosserdts thus fail to demonstrate any basis for appellate relief.

Second, the Bosserdts' contention that the DFI Statement of Charges provided new information about the liability of Verd's agents is contrary to the record. The Statement of Charges nowhere mentions Thomas, and its only reference to Verd's "agents" is as follows:

> Pursuant to RCW 21.20.390 and based on the above Tentative Findings of Fact and Conclusions of Law, the Securities Administrator intends to order that Respondents, King Pastry & Deli, Inc. and Nonna Verd, *and their agents and employees*, each cease and desist from violations of RCW 21.20.010.

(Emphasis added.) As Thomas points out, this reference to agents pertains only to the future actions of King Pastry's and Verd's agents. The DFI neither charged, nor made a finding against, any agent. The DFI charges were only against "King Pastry & Deli, Inc. and Nonna Verd" and sought "entry of an order . . . against each to cease and desist from such violations."

Third, contrary to the Bosserdts' assertions, the Statement of Charges did not provide any other materially significant information. The Bosserdts claim the Statement of Charges "outlines a scheme of fraud . . . whereby many victims lost hundreds of thousands of dollars through the use of stock transaction and promissory notes, fraud and promises of repayment." But this is essentially the same information that the Bosserdts gave to the police and FBI on July 17, 2007.

- 8 -

The Bosserdts have failed to carry their burden of demonstrating that the facts constituting their state law claims could not have been discovered through the exercise of due diligence prior to July 30, 2007.

For the same reasons, we reject the Bosserdts' argument that their claim for violations of federal securities laws is not time-barred. The limitation period for such claims is "the earlier of – (1) 2 years after the discovery of the facts constituting the violation; (2) or 5 years after such violation." 28 U.S.C. § 1658(b). The Bosserdts concede that this limitation period, like the others, begins to run when the plaintiff has discovered, or in the exercise of reasonable diligence could have discovered, the facts that constitute the violations. See Merck & Co. v. Reynolds, 559 U.S. 633, 130 S. Ct. 1784, 176 L. Ed. 2d 582 (2010). As discussed above, the Bosserdts fail to demonstrate that they could not have discovered all the facts necessary to assert their causes of action, including their federal securities claim, prior to July 30, 2007.

Finally, the Bosserdts contend that the superior court erred in failing to enter findings of fact and conclusions of law. However, findings and conclusions are not only unnecessary on summary judgment, CR 52(a)(5)(B), but are superfluous on review. Donald v. City of Vancouver, 43 Wn. App. 880, 883, 719 P.2d 966 (1986).

For the first time in their reply brief, the Bosserdts advance a number of additional challenges to the superior court's summary judgment ruling. We need not consider these arguments. Cowiche Canyon, 118 Wn.2d at 809.

Affirmed.

We concur:

_Dyer, J_

_Spearman, A.C.J._

_Schindler, J_