# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| DONALD LEO,<br><br>     Appellant,<br><br> v.<br><br>DIANA COURT OWNERS ASSOCIATION, an unincorporated association and VISTA VILLAGE RECREATION AND MAINTENANCE ASSOCIATION, a not-for-profit corporation,<br><br>     Respondents. | No.  49574-1-II<br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, J. — Donald Leo, who owns a condominium unit at Diana Court, appeals the trial court's order denying his motion for partial summary judgment and its entry of final judgment dismissing his claims against Diana Court Owners Association (Association) and Vista Village Recreation and Maintenance Association (VVRMA) with prejudice.  Leo had filed a lawsuit against the Association and VVRMA to dispute fees assessed against him, arguing that the bylaws by which VVRMA claimed authority to assess the fees were invalid.

Leo now argues that the trial court erred in denying his motion for partial summary judgment and in entering final judgment because it misinterpreted the "Diana Court Declaration" and failed to apply the plain language of RCW 64.34.360(3).  We reverse the trial court's decision denying Leo's motion for partial summary judgment, vacate the trial court's entry of final judgment, award Leo attorney fees, and remand for further proceedings.

FACTS

I. BACKGROUND

Diana Court is a condominium that was established in 1975 under its "DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS" (Declaration). Clerk's Papers (CP) at 10. The Declaration created the Association and requires all Diana Court condominium unit owners to be members of the Association. Diana Court and four other condominiums are part of the Vista Village condominiums. VVRMA is tasked with managing the Vista Village condominiums.

Among other things, the Declaration defines the property rights and legal obligations of the Diana Court unit owners and describes the governance of the Association. Paragraph 11 of the Declaration provides that "[b]y-laws for the administration of the Diana Court Owners Association and the development . . . shall be adopted by an affirmative vote of a majority of the owners of the living units." CP at 17. Paragraph 14 details the common expenses and assessments that unit owners must pay and states that "the [Diana Court Board of Directors] may at any time levy a further assessment, which shall be assessed to the owners in like proportions, unless otherwise provided herein." CP at 18. Under paragraph 14, the Diana Court Board of Directors has authorized VVRMA to collect dues and assessments from unit owners.

Paragraph 21 of the Declaration provides:

> Every person or entity acquiring an ownership interest in a living unit under this Declaration shall become a member of the [VVRMA], and by acquiring said ownership interest shall become bound by the rules and regulations and By-Laws of said Association as established by the Board of Directors of the [VVRMA] . . . .
> Membership in the [VVRMA] shall include the obligation to pay dues and assessments as established by the Board of Directors of said Association according to the By-Laws of the [VVRMA].

2

No. 49574-1-II

CP at 22.

VVRMA adopted bylaws to administer the Vista Village Court condominiums in 1991. In 2015, VVRMA adopted amendments to its bylaws (2015 amendments). The 2015 amendments were approved by the Board of Directors of each condominium owners association except the Diana Court Board of Directors.

The 2015 amendments state that each unit owner must, at his own expense, maintain and repair the limited common areas servicing his unit, "including plumbing, siding, electrical, water, sewer, telephone, and/or cable lines in or passing through such limited common area." CP at 85. The 2015 amendments also establish that a carport assigned to a unit owner is a limited common area. Finally, the 2015 amendments changed the provision concerning the amendment of the VVRMA bylaws and provided:

> These Amended and Restated Bylaws, or any part thereof, may be amended by the approval of three out of the five COAs after one COA has voted its approval and made recommendations to the other COAs. Each COA shall vote within 30 days according to [Paragraph] 11 of its Declarations of Covenants, Conditions and Restrictions . . . . This is subject to the power of all owners to approve, change or repeal such bylaws by a majority vote.

CP at 82.

## II. PROCEDURAL FACTS

Leo shares a carport with two other unit owners. After the 2015 amendments were adopted, VVRMA sought to repair the gutters on the carport and to impose these repair costs on Leo and the other unit owners for the repair.

Leo filed a complaint for declaratory judgment and injunctive relief and sought declarations that the 2015 amendments were improperly adopted and invalid and that VVRMA was not authorized under the Declaration to impose costs on individual unit owners for the

3

maintenance and repair of limited common areas assigned to those individual unit owners. Leo then filed a motion for partial summary judgment, arguing that he was entitled to judgment as a matter of law. Leo argued that the 2015 amendments were invalid because they were not approved by a majority of the Diana Court unit owners. Leo also argued that because the Declaration did not require unit owners to pay to maintain and repair limited common areas servicing their units, VVRMA was not authorized to impose and assess costs for repairing the gutters on his carport.

The trial court denied Leo's motion for partial summary judgment. The trial court concluded that VVRMA was authorized to assess the costs of limited common areas under paragraph 21 of the Declaration. The trial court stated that it would not grant "either of the other declarations by way of summary judgment that [Leo] seeks." Verbatim Report of Proceedings (Sept. 23, 2016) at 38.

Subsequently, Leo filed a motion for the entry of final judgment, arguing that "[t]he Court's ruling in response to [his] Motion for Partial Summary Judgment has effectively disposed of all claims presented in this matter." CP at 319. The trial court entered final judgment, determining that "in ruling on the entry of the Motion for Partial Summary Judgment, the Court in fact practically disposed of the issues presented by this case. It effectively denied, on the merits, the claims pled by . . . Leo." CP at 327. Leo appeals the trial court's order denying his motion for partial summary judgment and the trial court's entry of final judgment.[1]

---

[1] Generally, we do not review the denial of a motion for summary judgment because it is not a final appealable order. RAP 2.2(a)(1); *In re Estate of Jones*, 170 Wn. App. 594, 605, 287 P.3d 610 (2012). Here, without citing to any court rule, Leo sought a final judgment in the trial court. The only court rule authorizing final judgment after adjudication of fewer than all claims is CR

ANALYSIS

Leo argues that the trial court erred in denying his motion for partial summary judgment and in entering final judgment because (1) it misinterpreted the Diana Court Declaration in determining that the 2015 amendments to the VVRMA bylaws were valid and (2) it failed to apply the plain language of RCW 64.34.360(3) in determining that VVRMA was authorized to assess the costs of maintenance and repair of limited common areas upon only those unit owners that benefit from the limited common area. We agree.[2]

## I. LEGAL PRINCIPLES

We review a trial court's order denying summary judgment de novo. *Dowler v. Clover Park Sch. Dist. No. 400*, 172 Wn.2d 471, 484, 258 P.3d 676 (2011). As a result, we engage in the same inquiry as the trial court and will consider only issues and evidence called to the attention of the trial court. 172 Wn.2d at 484. A trial court must grant summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c).

---

54(b). When a trial court issues a final order under CR 54(b), the court is required to (a) make an express determination that no just reason exists for delay, (b) enter written findings supporting that determination, and (c) expressly direct entry of judgment. The trial court did not enter any findings of fact in this case. Moreover, it is unclear as to whether a CR 54(b) final judgment is appropriate where a trial court merely denies a plaintiff's summary judgment motion but does not grant a defendant's motion for summary judgment. Nonetheless, a remand for the trial court to enter a decision on the defendants' request for summary judgment here would be a waste of resources. In the interests of justice, we address the merits of Leo's claims. RAP 1.2(c) ("The appellate court may waive or alter the provisions of any of these rules in order to serve the ends of justice.").

[2] Leo also challenges the trial court's order denying his motion for reconsideration of his motion for partial summary judgment. Because we reverse the trial court's denial of Leo's motion for partial summary judgment, we do not address this claim.

The parties cite to two acts here: the Horizontal Property Regimes Act (HPRA), codified in chapter 64.32 RCW, and the Washington Condominium Act (WCA), codified in chapter 64.34 RCW. HPRA generally applies to all condominiums created between 1963 and July 1, 1990. *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 521, 243 P.3d 1283 (2010). A condominium's declaration must comply with HPRA, and HPRA makes all unit owners subject to "the declaration and bylaws of the association of [unit] owners adopted pursuant to [HPRA]." RCW 64.32.250(1); *Lake*, 169 Wn.2d at 521.

Additionally, some provisions in the WCA apply to condominiums created before July 1, 1990. RCW 64.34.010(1). These provisions include RCW 64.34.208 and RCW 64.34.360(3), which "apply only with respect to events and circumstances occurring after July 1, 1990." RCW 64.34.010(1). RCW 64.34.208(3) provides that when there is a conflict between a condominium's declaration and its bylaws, the declaration prevails. RCW 64.34.360(3)(a) states that, to the extent *required* by a condominium's declaration, "[a]ny common expense associated with the operation, maintenance, repair, or replacement of a limited common element shall be paid by the owner of or assessed against the units to which that limited common element is assigned."

## II. VALIDITY OF THE 2015 AMENDMENTS

Leo argues that the trial court erred in denying his motion for partial summary judgment and in entering final judgment because the 2015 amendments to the VVRMA bylaws are invalid because they conflict with the Declaration. We agree.

Interpretation of a declaration is a question of law that we review de novo. *Wilkinson v. Chiwawa Cmtys. Ass'n*, 180 Wn.2d 241, 249, 327 P.3d 614 (2014). In interpreting a declaration,

6

we apply basic rules of contract interpretation. 180 Wn.2d at 249. Our primary goal in interpreting a declaration is determining the declarant's intent by examining the declaration's clear and unambiguous language. 180 Wn.2d at 250. While the interpretation of a declaration is a question of law, the declarant's intent is a question of fact that we discern from the face of the declaration. *Lake*, 169 Wn.2d at 526. "[W]hen reasonable minds could reach but one conclusion, questions of fact may be determined as a matter of law." *Clare v. Saberhagen Holdings, Inc.*, 129 Wn. App. 599, 603, 123 P.3d 465, *review denied*, 155 Wn.2d 1012(2005).

Under paragraph 11 of the Declaration, "[b]y-laws for the administration of the Diana Court Owners Association and the development . . . shall be adopted by an affirmative vote of a majority of the owners of the living units." CP at 17. Paragraph 21 of the Declaration provides that Diana Court unit owners are "bound by the rules and regulations and By-Laws" of VVRMA. CP at 22.

VVRMA later adopted the 2015 amendments, but the Diana Court Board of Directors did not approve of the amendment. The 2015 amendments state that they are "bylaws of the Court Owners' Associations," including Diana Court. CP at 76. The 2015 amendments altered the amendment of VVRMA bylaws and provided:

> These Amended and Restated Bylaws, or any part thereof, may be amended by the approval of three out of the five COAs after one COA has voted its approval and made recommendations to the other COAs. Each COA shall vote within 30 days according to [Paragraph] 11 of its Declarations of Covenants, Conditions and Restrictions . . . . this is subject to the power of all owners to approve, change or repeal such bylaws by a majority vote.

CP at 82.

Paragraph 11 of the Declaration clearly states that bylaws *for the administration of Diana Court* must be adopted by a majority vote of the Diana Court unit owners. The VVRMA

7

bylaws explicitly administer Diana Court. As a result, reasonable minds can conclude only that the drafters of the Declaration intended that VVRMA bylaws that administer Diana Court be adopted by a majority of the Diana Court unit owners to be valid. Accordingly, the 2015 amendments are invalid because they were not adopted by an affirmative vote of the majority of the Diana Court unit owners.

Diana Court and VVRMA argue that, because the Declaration explicitly provides that Diana Court unit owners are bound by VVRMA's bylaws, the 2015 amendments are valid. While paragraph 21 of the declaration states that Diana Court unit owners are bound by the rules and bylaws established by VVRMA, paragraph 21 must be read together with paragraph 11. Only paragraph 11 provides for the proper adoption of bylaws for the administration of Diana Court. Although Diana Court unit owners must comply with the VVRMA bylaws, to be applicable to Diana Court the VVRMA bylaws must be adopted by a majority of the Diana Court unit owners, as required by paragraph 11.

Accordingly, VVRMA bylaws that administer Diana Court must be passed by a majority of the Diana Court unit owners to be valid. Because the 2015 amendments were not passed by a majority of the Diana Court unit owners, they are invalid.[3] Therefore, Leo is entitled to judgment as a matter of law, and the trial court erred in denying his motion for partial summary judgment.

---

[3] Moreover, RCW 64.34.208(3) provides that "[i]n the event of a conflict between the provisions of the declaration and the bylaws, the declaration prevails except to the extent the declaration is inconsistent with [the WCA]." The 2015 amendments state that the VVRMA bylaws may be amended by approval of three of the condominium court owners associations. This provision of the 2015 amendments conflicts with paragraph 11 of the Declaration. As a result, paragraph 11 of the Declaration prevails.

## III. ASSESSMENTS FOR LIMITED COMMON AREAS

Leo also argues that the trial court failed to apply the plain language of RCW 64.34.360(3) in determining that VVRMA was authorized to assess the costs of maintenance and repair of limited common areas upon only those unit owners that benefit from the limited common area. We agree.

We review questions of statutory interpretation de novo. *Lake*, 169 Wn.2d at 526. In interpreting a statute, we first look to the statute's plain meaning. 169 Wn.2d at 526. We discern a statute's plain meaning by looking at the ordinary meaning of the language at issue, the context of the statute, and the statutory scheme as a whole. 169 Wn.2d at 526. "If the statute is unambiguous after a review of the plain meaning, the court's inquiry is at an end." 169 Wn.2d at 526.

RCW 64.32.080 of the HPRA states that common expenses of a condominium must be charged to unit owners according to "the percentage of the undivided interest in the common areas and facilities." However, RCW 64.34.360(3) of the WCA provides:

*To the extent required by the declaration*:

> (b) Any common expense or portion thereof benefiting fewer than all of the units must be assessed exclusively against the units benefitted.

(Emphasis added.) In other words, despite the general rule expressed in RCW 64.32.080 that expenses must be allocated according to ownership interest, expenses benefitting fewer than all the units can be assessed against the units benefitted *if required by the Declaration*.

Paragraph 14 of the Declaration establishes the expenses and assessments for common areas that unit owners must pay and states that "the [Diana Court Board of Directors] may at any time levy a further assessment, which shall be assessed to the owners in like proportions, *unless*

9

*otherwise provided herein*." CP at 18 (emphasis added). Paragraph 14 also authorizes VVRMA to collect dues and assessments from unit owners. Paragraph 21 provides that each Diana Court unit owner is a member of VVRMA and, as a member of VVRMA, must "pay dues and assessments as established by the Board of Directors of [VVRMA] according to the By-Laws." CP at 22.

The 2015 amendments provide that a carport assigned to an individual unit owner is a limited common area. The 2015 amendments also state that each unit owner must, at his own expense, maintain and repair "the limited common area servicing the unit, including plumbing, siding, electrical, water, sewer, telephone, and/or cable lines in or passing through such limited common area." CP at 85.

RCW 64.34.360(3) plainly provides that assessments for limited common areas must be exclusively assessed against the benefitted individual unit owners only when the condominium's declaration requires as much. RCW 64.32.080 prescribes the general rule that assessments for common areas must be assessed against individual unit owners proportionally. However, RCW 64.34.360(3) lists exceptions to this general rule. For the exceptions in RCW 64.34.360(3) to apply, a condominium's declaration must explicitly provide for them. As a result, if a condominium's declaration does not provide for limited common assessments, it may not impose assessments for limited common areas against individual homeowners. Accordingly, RCW 64.34.360(3) is subject only to one interpretation, and it is unambiguous.

Here, the 2015 amendments authorize assessments for limited common areas against the individual unit owners assigned to the limited common area. The Declaration does not provide for assessments for limited common areas. Because the Declaration does not so provide, RCW

64.34.360(3) does not authorize the imposition of assessments for limited common areas.

Instead, the general rule in RCW 64.32.080 governs Diana Court's assessments. Accordingly,

VVRMA was not authorized to impose assessments for limited common areas, and Leo was

entitled to judgment as a matter of law.[4] Thus, the trial court erred in denying Leo's motion for

partial summary judgment.

## ATTORNEY FEES

Leo, Diana Court, and VVRMA each request attorney fees on appeal. A party may

recover reasonable attorney fees on appeal if applicable law authorizes the award. RAP 18.1(a).

We determine that only Leo is entitled to attorney fees.

Diana Court contends that it is entitled to attorney fees under RCW 4.84.185.[5] RCW

4.84.185 does not authorize an award of attorney fees on appeal because 4.84.185 requires

written findings to support an award of attorney fees, and appellate courts do not make findings.

*Hanna v. Margitan*, 193 Wn. App. 596, 614, 373 P.3d 300 (2016). As a result, Diana Court is

not entitled to attorney fees under RCW 4.84.185.[6]

Leo and VVRMA seek attorney fees on appeal under RCW 64.34.455. RCW 64.34.455

provides that the prevailing party may recover attorney fees in a case based on failure to comply

---

[4] Moreover, as discussed above, the 2015 amendments are invalid because they were not approved by a majority of the Diana Court unit owners.

[5] Diana Court also requests costs under RAP 14.1. We will determine appropriate costs after a decision terminating review. RAP 14.1 ("The appellate court determines costs in all cases after the filing of a decision terminating review.").

[6] Even if Diana Court had asked for attorney fees under RAP 18.9, it would not be entitled to them because Leo's appeal is not frivolous.

11

with any provision of the WCA "or any provision of the declaration or bylaws." Because Leo is the prevailing party on appeal, he is entitled to attorney fees under RCW 64.34.455. VVRMA is not entitled to attorney fees under RCW 64.34.455 because it is not a prevailing party.

## CONCLUSION

We reverse the trial court's decision denying Leo's motion for partial summary judgment, vacate the trial court's entry of final judgment, award Leo attorney fees, and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, C.J.

_____
Maxa, J.