IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ANGE WANG,<br><br>Appellant,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN OF WASHINGTON, and LANCE HO,<br><br>Respondents. | No. 87043-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Ange Wang received orthopedic surgery for joint fusion in May 2017. In September 2023, Wang sued Dr. Lance Ho, asserting medical malpractice. The suit was dismissed without prejudice. Wang again sued Dr. Ho and added Kaiser Foundation Health Plan of Washington as a defendant in March, 2024. Kaiser moved for summary judgment, contending the claim was time barred. The trial court granted Kaiser's motion. Wang appeals, arguing sufficient evidence in the record exists to create a question of fact as to when he discovered the basis for his medical malpractice claim.

We conclude the court did not err when it granted Kaiser's CR 56 motion for summary judgment and dismissed the case with prejudice. We affirm.

FACTS

In March 2017, Ange Wang met with Dr. Lance Ho at Kaiser Permanente Orthopedics concerning pain in his left foot. Dr. Ho diagnosed Wang with "left

moderate bunion and moderate 1st metatarsal phalangeal arthritis" and performed a left 1st metatarsophalangeal joint fusion on May 5, 2017. Wang had several follow-up appointments, where he complained of continued pain and stiffness. Dr. Ho stressed the importance of Wang wearing his CAM[1] boot for six weeks post-operative (post-op). In several of his follow-up visits, Wang admitted to only wearing his boot "sometimes" or "very little" and taking it off when he was at home. At Wang's six-week post-op visit, Dr. Ho instructed him to wear his boot another four weeks. At this visit, Dr. Ho determined Wang's foot was healing well with no sign of infection.

In December 2019, Wang was still experiencing pain in his foot and he met with Dr. Craig Clifford at Virginia Mason. Dr. Clifford informed Wang that a nonunion to the affected area had occurred, and the two discussed the option of fusion revision surgery. Wang did not move forward with surgery at that time.

In March 2020, Wang received a letter from an attorney, presumably in response to an inquiry from Wang, concerning his foot surgery. The letter stated, in pertinent part:

> I have reviewed the records you provided to us (38 pages).
>
> Based on the records provided there is no clear indication of a breach of standard of care. In order to determine that, I would at a minimum need records from other physicians who have treated you for your foot condition after the surgery of [redacted].
>
> We are going to be hard pressed against the statute of limitations (May 5, 2020) on this case to send records out and obtain an opinion on whether the treatment provided by Dr. Lance Ho met the standard of care.

---

[1] CAM is the abbreviation for "controlled ankle movement."

In April 2020, Wang requested mediation with Dr. Ho and Kaiser under RCW 7.70.110.  In the mediation request, Wang alleged Dr. Ho's surgery "fail[ed] to follow the standard of care of reasonable and prudent health care providers under the circumstances."  Wang stated he was unhappy with the results and had been in pain "[s]ince the surgery in 2017."  In late April 2020, Kaiser responded to Wang acknowledging his mediation request.  Kaiser informed Wang his request for mediation extended the statute of limitations on his medical negligence claim.  Kaiser included the elements that must be established for a claim of medical negligence and told Wang his claim would be kept open until May 5, 2021, at which time the statute of limitations would expire.

In December 2020, Kaiser sent Wang a letter informing him that his claim had been reviewed and the record did not indicate that Dr. Ho breached the standard of care when performing Wang's surgery.  The letter reiterated the required elements of a medical malpractice claim and noted there must be expert medical testimony to show negligence.  Kaiser stated the "painful non-union at the fusion site . . . was not due to negligence by any health care provider, but rather [was] a potential outcome of this surgery without negligence."  The letter concluded by reminding Wang the statute of limitations for his claim expired May 5, 2021.

In early April 2023, Wang went to urgent care after experiencing severe foot pain.  According to Wang, the doctor told him that the metal rod Dr. Ho inserted in 2017 was at risk of breaking through the skin.  Not wanting to go to

Kaiser for another surgery, Wang requested a referral. In August 2023, Wang underwent surgery at Virginia Mason to fix the nonunion.

In May 2023, Wang lodged a complaint with the Washington State Department of Health against Dr. Ho and Kaiser. In his complaint, Wang noted he had been in extreme pain since the surgery in May 2017. Wang claimed he had tried to contact Dr. Ho and Kaiser numerous times after the surgery, but never received a response.

The Washington Medical Commission closed Wang's complaint without investigation and notified Wang. Wang requested reconsideration and included progress notes, claim documents, and photos of his foot as new information. The Commission notified Wang that his claim was reviewed by another panel, but the panel did not authorize further action, and the complaint would remain closed.

In September 2023, Wang initiated a suit against Dr. Ho claiming medical malpractice arising from his foot surgery. The case was dismissed without prejudice for failure to properly serve Dr. Ho. Wang initiated a new suit in March 2024, naming both Dr. Ho and Kaiser as defendants. Dr. Ho and Kaiser moved for summary judgment, claiming the expiration of the statute of limitations barred Wang's claims and Wang did not present any expert testimony to support his claim of violation of the standard of care and proximate cause. The court granted the motion for summary judgment.

Wang appeals.

## ANALYSIS

### Standard of Review

We review summary judgment orders de novo. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). We consider all evidence and reasonable inferences in the light most favorable to the non-moving party. *Davies v. MultiCare Health Systems*, 199 Wn.2d 608, 616, 510 P.3d 346 (2022). "Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Davies*, 199 Wn.2d at 616. A genuine issue of material fact exists when "the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Reyes v. Yakima Health District*, 191 Wn.2d 79, 86, 419 P.3d 819 (2018).

### Statute of Limitation

Wang contends the trial court erred in granting summary judgment because sufficient evidence existed in the record to create a question of fact as to when he discovered the basis for his medical malpractice claim. Kaiser asserts Wang's claim is time barred because Wang knew of his injury immediately after the surgery or, in the alternative, early enough that the statute of limitations had expired when Wang brought his claim. Because, looking at the evidence in the light most favorable to Wang, the evidence shows that he should have reasonably discovered his injury by 2019 at the latest, we agree with Kaiser that his claim is barred by the statute of limitations.

The statute of limitations to bring a medical malpractice claim is "within three years of the act or omission alleged to have caused the injury or condition, or one year of the time the patient or [their] representative discovered or reasonably should have discovered that the injury or condition was caused by said act or omission, whichever period expires later." RCW 4.16.350. However, if a party, in good faith, requests a mediation to address the dispute related to the injury, the statute shall be tolled for one year. RCW 7.70.110.

To determine whether a party should have reasonably discovered the injury, we ask whether, after a plaintiff " 'is placed on notice by some appreciable harm occasioned by another's wrongful conduct,' " did the plaintiff " 'make further diligent inquiry to ascertain the scope of the actual harm' "? *Clare v. Saberhagen Holdings, Inc.*, 129 Wn. App. 599, 603, 123 P.3d 465 (2005) (quoting *Green v. American Pharmaceutical Co.*, 136 Wn.2d 87, 97, 960 P.2d 912 (1998)). The plaintiff has the burden to prove the facts constituting the harm were not discoverable within the statute of limitations. *Clare*, 129 Wn. App at 603. Generally, whether a party exercised due diligence is a factual issue for the jury, precluding summary judgment, *Clare*, 129 Wn. App at 603, but, "when reasonable minds could reach but one conclusion, questions of fact may be determined as a matter of law." *Clare*, 129 Wn. App at 603.

Here, Wang claims he did not discover Dr. Ho's malpractice until he went to urgent care on April 8, 2023. But Wang clearly indicated he was

6

in pain and upset with the outcome of the surgery since 2017. In his complaint to the Department, Wang stated he had been in pain since the surgery, and he went back to Dr. Ho several times after the surgery complaining of "severe pain."

Even if Wang could show he did not discover the condition at the time of surgery or shortly thereafter, his meeting with Dr. Clifford in 2019 indicates he was aware, or reasonably should have been aware, of a problem with Dr. Ho's surgery. Furthermore, after meeting with Dr. Clifford, Wang communicated with an attorney concerning a "breach of the standard of care" related to his foot surgery. Less than a month after his visit with Dr. Clifford, Wang submitted a request for mediation with Kaiser. In the mediation request, Wang stated the action giving rise to the mediation "arises from treatment provided to Ange Wang in the Bellevue Kaiser Permanente Medical Center around 05/05/17."

If the meeting with Dr. Clifford is considered the date of discovery, then Wang's request for mediation in April 2020 was timely, and the statute of limitations was tolled to May 5, 2021. This was communicated to Wang in letters from Kaiser on April 29, 2020 and December 17, 2020. But, even with this information, Wang did not initiate his complaint until September 22, 2023—more than two years after the statute of limitations ran out.

Because Wang discovered, or should have reasonably discovered, the condition underlying his claim in 2019 at the latest—and potentially as

7

early as 2017—his complaint is barred by the statute of limitations.

Accordingly, the court did not err when it granted summary judgment.[2]

    We affirm.

_____, J.

WE CONCUR:

_____, J.    _____, J.

---

[2] Wang also claims the trial court erred in granting summary judgment based on his lack of expert witness testimony. Because summary judgment was appropriate under RCW 4.16.350 and RCW 7.70.110, we do not reach this issue. But, even if we were to address the issue, expert testimony is generally necessary to establish a standard of care in a medical malpractice action. *Harris v. Robert C. Groth, M.D., Inc., P.S.*, 99 Wn.2d 438, 449, 663 P.2d 113 (1983).