[No. 54341–1.   En Banc.   September 1, 1988.]

DEBBIE GEVAART, *Petitioner,* v. METCO CONSTRUCTION, INC., ET AL, *Respondents.*

*Schroeter, Goldmark & Bender* and *James D. Hailey,* for petitioner.

*Richard B. Johnson,* for respondents.

DOLLIVER, J.—Plaintiff Debbie Gevaart brought a negligence action against defendant Metco Construction, Inc., claiming negligent design and construction of a stairway.

On October 25, 1981, plaintiff ascended the stairs to her residence in the Executive Manor Condominiums. Upon reaching the top step, which sloped downward, she lost her balance and fell backward.

Sometime after November 1981, Gevaart learned, from a discussion with her family and friends, that the slope of the step may have been improperly constructed.

In April 1982, Gevaart retained an attorney who investigated the accident scene, employing experts in architectural design and engineering psychology. In August 1984, the engineering psychologist submitted a report stating Gevaart's injuries were the direct result of the poorly designed and constructed stairway. On October 29, 1984, more than 3 years after the accident, a complaint for personal injuries was filed by Gevaart.

The trial court, finding no genuine issues of material fact, granted the defendant Metco's motion for summary judgment because the action was barred by the 3-year statute of limitations. In an unpublished opinion, the Court of Appeals affirmed. We granted review. After examining the record and hearing oral argument, we affirm the Court of Appeals. The decision of that court, although unpublished, fully resolves the issues raised by Gevaart. (*Cf. North Coast Air Servs. v. Grumman Corp.,* 111 Wn.2d 315, 319, 759 P.2d 405 (1988) holding "claimant in a product liability case must have discovered, or in the exercise of due diligence should have discovered, a factual causal relationship of the product to the harm." This is not in issue here.) We concur in the opinion of the Court of Appeals, publish

the essential parts of that opinion, and adopt them as our own:

Gevaart contends a genuine issue of material fact exists as to when she knew or should have known the essential elements of negligence. She claims that even though she knew the step was sloped and the step caused her fall and injuries, she did not know the slope of the step existed because the builder–designer breached a duty toward her. Therefore she contends that, as she did not discover Metco's and Hale's breach until a considerable time had passed after she fell, the limitation statute did not begin to run until that later date and her claim should not be barred. We do not agree.

The general rule in a personal injury action is that a cause of action "accrues" at the time the act or omission occurs. However, in certain torts, injured parties do not, or cannot, know they have been injured. In those cases, the cause of action accrues at the time the plaintiff knew or should have known all of the essential elements of the cause of action, *i.e.*, duty, breach, causation and damages. This rule which postpones the accrual of the cause of action is known as the "discovery rule." *See Sahlie v. Johns–Manville Sales Corp.*, 99 Wn.2d 550, 552, 663 P.2d 473 (1983); *Ohler v. Tacoma Gen. Hosp.*, 92 Wn.2d 507, 598 P.2d 1358 (1979).

The general rule in claims against builders and architects for negligent design and construction is that the negligence action accrues and the limitation statute begins to run when the plaintiff discovers, or should have discovered, his/her damage or injury resulting from the negligence. *Theurer v. Condon*, 34 Wn.2d 448, 454–55, 209 P.2d 311 (1949); *see also Twin Falls Clinic & Hosp. Bldg. Corp. v. Hamill*, 103 Idaho 19, 644 P.2d 341 (1982); *Board of Directors of Ass'n of Apartment Owners of Regency Tower Condominium Project v. Regency Tower Venture*, 2 Hawaii App. 506, 635 P.2d 244 (1981); *Sisters of Mercy v. Gaudreau, Inc.*, 47 Md. App. 372, 423 A.2d 585 (1980).[1]

In this case, the alleged negligent acts are the design and construction of the stairway. Even though the design and construction resulted in the defective stair, Gevaart did not have a cause of action in 1978. The hazard created by the alleged negligent acts was continuous.

On October 25, 1981, all essential elements of her cause of action had occurred. In addition to Metco and Hale having breached their duty to Gevaart to design and construct the stairway pursuant to code, the resulting sloped step allegedly caused Gevaart to fall and she was injured.

Gevaart argues she assumed the slope which caused her fall was for drainage and that as of October 29, 1981, she had no knowledge of a possible professional negligence action against Hale or Metco. However, the discovery rule does not require knowledge of the existence of a legal cause of action. *Reichelt v. Johns–Manville Corp.*, 107 Wn.2d 761, 733 P.2d 530 (1987); *Sahlie v. Johns–Manville Sales Corp., supra.* To so require would effectively do away with the limitation of actions until an injured person saw his/her attorney. *See Buxton v. Perry,* 32 Wn. App. 211, 222, 646 P.2d 779 (1982). This is not the law.

Gevaart's affidavit establishes that on October 25, 1981, she knew the step sloped. By the exercise of due diligence she could have determined that the step did not conform to the building code and further, the true reason why the slope existed. Because she did not exercise diligence in a timely manner her cause of action filed October 29, 1984, was barred by the 3–year statute of limitations.

[1]The discovery rule is limited by RCW 4.16.310 which fixes a precise time beyond which no remedy will be available. *Rodriguez v. Niemeyer,* 23 Wn. App. 398, 401, 595 P.2d 952 (1979). This 6–year limitation created by RCW 4.16.310 begins to run upon substantial completion of construction. An action may accrue within the 6 years and then be extended by the relevant limitation statute as to that injury. Here, the August 1978 completion date and the 1981 injury are well within the 6–year limitation. However, once an action accrues it may also be subject to the 3–year limitation statute, RCW 4.16.080, when it extends the time for filing beyond the 6–year period. Thus the cause of action brought against Metco and Hale had to be brought within 3 years after it occurred, as the 6–year statute of repose ran out in August of 1984.

*Gevaart v. Metco Constr., Inc.,* noted at 48 Wn. App. 1034 (1987).

The Court of Appeals is affirmed.

PEARSON, C.J., and UTTER, DORE, ANDERSEN, CALLOW, and DURHAM, JJ., concur.

BRACHTENBACH, J., concurs in the result.