978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alton HAYMAKER and Joan Haymaker, husband and wife, a
marital community, Plaintiffs-Appellants,
v.
UNITED STATES of America, Manual Lujan, in his capacity as
Secretary of the Department of Interior; South Columbia
Basin Irrigation District, a Washington State Irrigation,
District, Defendants-Appellees.
 No. 91-35763.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1992.
Decided Oct. 23, 1992.
 
 1
 Before TANG, PREGERSON and ALARCON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Alton and Joan Haymaker appeal from the order dismissing as time-barred their action against the United States Bureau of Reclamation, the South Columbia Basin Irrigation District (SCBID), and the Franklin County Conservation District (FCCD). The action arises out of soil erosion damage to the Haymakers' property allegedly caused by water seepage from government-owned irrigation canals. The district court held that each of the Haymakers' claims accrued in 1979 and are thus time-barred.
 
 
 4
 The Haymakers do not dispute the district court's holding that the claim against the United States is governed by the two-year statute of limitations provided for under the Federal Tort Claims Act, and that the state law and constitutional claims against the SCBID and FCCD are governed by a three-year statute of limitations.[1] Rather, the Haymakers' sole contention on appeal is that summary judgment was improper because the date at which the Haymakers knew or should have known the cause of their injury is a genuine issue of material fact in dispute in this matter.
 
 
 5
 We affirm the order dismissing each of the Haymakers' claims as time-barred because we conclude, after construing the record in the light most favorable to the non-moving party, that their action accrued more than two years prior to the Haymakers' filing a claim with the Bureau of Reclamation on July 18, 1988, and more than three years prior to their filing an action against the SCBID and FCCD on August 17, 1989.
 
 I.
 
 6
 A grant of summary judgment is reviewed de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). Where the issue before the court involves a determination as to when a claim begins to accrue, summary judgment is improper unless "the evidence is so clear that there is no genuine factual issue and the determination can be made as a matter of law." United States v. Lundy, 695 F.2d 394, 398 (9th Cir.1982).
 
 II.
 
 7
 The Haymakers admit that they were aware of the damage to their property by 1979. They assert, however, that they did not know "definitively" the cause of their property damage until 1988, when they received the FCCD's study on landslides along the Columbia River. The Haymakers have not cited any authority for their contention that a claim does not accrue until a plaintiff "definitively" knows the cause of his or her injury, nor do the applicable limitations statutes impose such a stringent knowledge requirement.
 
 
 8
 The date at which a claim asserted under the Federal Tort Claims Act accrues is determined by federal law. Landreth by and through Ore v. United States, 850 F.2d 532, 533 (9th Cir.1988), cert. denied, 488 U.S. 1042 (1989). Under federal law, a cause of action accrues when the plaintiff discovers, or in the exercise of reasonable diligence, should have discovered the injury and its probable cause. Id. There is no requirement that plaintiff need to know his or her claim is legally actionable. United States v. Kubrick, 444 U.S. 111, 123 (1979). Once the injury and the cause are known, the claim accrues even though the plaintiff may not be aware that the injury may have been negligently inflicted. Id. at 123-25.
 
 
 9
 The standard for accrual is similar under Washington law. Under the applicable Washington statutes, a cause of action accrues when the plaintiff knows, or with the exercise of due diligence, should know all of the essential elements of a cause of action, including duty, breach, and causation. Gevaart v. Metco Construction, Inc., 111 Wash.2d 499, 501 (1988). It is not necessary that plaintiff know that the facts give rise to a legal claim. Reichelt v. Johns-Manville Corp., 107 Wash.2d 761, 769 (1987).
 
 
 10
 Although the Haymakers contend that they did not know the irrigation canals were the cause of their property damage until 1988, the record demonstrates otherwise. The Haymakers first noticed the seepage on their property in 1968. At that time, they contacted the SCBID and informed it of the seepage problem. In January, 1972, the Haymakers wrote to the SCBID, and requested its plans to complete the lining of the lateral canal. Thus, as early as 1972, Mr. Haymaker suspected leakage from the canal to be a cause of the erosion damage. That Mr. Haymaker believed the canal to be the cause of his injury is further demonstrated by his efforts to enter into a pooling agreement to line the canal in order to prevent further slides. On May 3, 1977, in connection with this pooling agreement, the United States Department of Agriculture issued a report stating that Mr. Haymaker and other neighboring property owners believed that seepage from the local canals was contributing to the erosion problem.
 
 
 11
 After his property suffered a serious landslide in 1979, Mr. Haymaker hired Randall Brown, a registered geologist, to investigate the source of the groundwater. Pursuant to his investigation, Mr. Brown informed Mr. Haymaker that leakage from the lateral canal, and not Mr. Haymakers' irrigation practices, was the source of the groundwater. Thus, by 1979, Mr. Haymaker's own expert had confirmed that the excess groundwater eroding the Haymakers' property had originated from the canal system. Moreover, on November 30, 1984, Mr. Haymaker wrote to the FCCD and informed it that he believed the "source of the groundwater to originate from poor canal lateral design and maintenance."
 
 
 12
 Thus, it is clear that the Haymakers knew, on or before November 30, 1984, that leakage from the canal system was the cause of their property damage. We need not decide whether the Haymakers' cause of action accrued in 1979 or 1984, since either date bars the action.
 
 
 13
 Finally, The Haymakers' argue that the government's failure to accept responsibility for the erosion damage precluded them from knowing the identity of the responsible government agencies. Not only is there no authority for the Haymakers' assertion that a defendant's failure to accept responsibility for the plaintiff's injuries tolls the limitations period, but the record does not support the Haymakers' contention that they were ignorant of the government's involvement with the canal system. As early as 1968, Mr. Haymaker had contacted the SCBID and complained of the water seepage problems. In 1972, Mr. Haymaker had requested the SCBID to line the canal in order to curb the erosion. Indeed, by 1984, the Haymakers had contacted the Bureau of Reclamation, SCBID and the FCCD and requested each agency to reconstruct the canal system in order to prevent any further erosion of the Haymakers' property.
 
 
 14
 Construed in a light most favorable to the Haymakers, the undisputed documentary evidence demonstrates, as a matter of law, that the Haymakers either knew or should have known the cause of their property damage more than three years prior to their filing this action in the district court.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See RCW 4.16.080 (imposing a three-year statute of limitations for property damage claims.)