77 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James L. GOAD, husband; Betty J. Goad, wife, Plaintiffs-Appellants,
v.
S.A. WOODS MACHINE COMPANY, a corporation; Yates-American
Machine Company, Inc., a corporation, Defendants-Appellees.
 No. 95-35162.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 8, 1996.*
Decided Feb. 14, 1996.
 
 1
 Before: HALL and TROTT, Circuit Judges, and RAFEEDIE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 On October 31, 1989, James A. Goad was injured by a planer manufactured by S.A. Woods Machine Company ("S.A. Woods"). More than four years later, Goad (and his wife) filed this product liability suit against S.A. Woods and its successor in interest, Yates-American Machine Company, Inc. ("Yates-American"). The district court granted summary judgment based on Washington's three-year statute of limitations. Because no dispute of material fact exists, we affirm the district court's grant of summary judgment.
 
 
 4
 * James A. Goad worked at a sawmill operated by the Springdale Lumber Company, Inc. ("Springdale"). On October 31, 1989, Goad stuck his left hand into the feed-roll of a running planer to remove a scrap of lumber. Goad's glove became caught in the pinch point of the planer's gears and his hand was pulled into the machine. Goad's thumb and the adjoining three fingers were immediately severed from his hand, as was the tip of his little finger.
 
 
 5
 The planer had been manufactured by S.A. Woods, which has since been purchased by Yates-American. Before Goad's accident, Yates-American sent letters to Springdale which warned of the potential for accidents in the planer's feed-roll pinch-point, and advised Springdale to purchase guards and warning notices for the machine. Springdale neither followed Yates-American's advice, nor notified its employees of the existence of the Yates-American letters.
 
 
 6
 Goad's accident prompted an investigation by Washington's Department of Labor and Industries. In the course of the investigation, Goad filled out a questionnaire, dated December 21, 1989, in which he stated that future accidents could be prevented by installing a guard on the planer.
 
 
 7
 The Labor and Industries Department issued its report on January 11, 1990. The report concluded that the planer was not defective and that the accident was caused by operator error.
 
 
 8
 On October 30, 1992, Goad and his wife filed a lawsuit against Springdale in Stevens County Superior Court. The Goads' complaint alleged in part:
 
 
 9
 2.1 Plaintiff, JAMES L. GOAD, was employed by SPRINGDALE LUMBER COMPANY, INC., during 1989 and was required to work with a piece of machinery which had become defective and dangerous.
 
 
 10
 2.2 Because the piece of equipment which the Plaintiff, JAMES L. GOAD, was required to work with, was defective and hence dangerous....
 
 
 11
 2.3 Defendant, SPRINGDALE LUMBER COMPANY, INC., willfully ... failed to make the necessary changes, modifications, inspections, adaptions, circumventions, revisions, adjustments, alterations, corrections, repairs, improvements, or conversions which would have significantly and materially improved the working environment and rendered the equipment in question safe....
 
 
 12
 In January of 1993, the Goads' attorney sent the first set of interrogatories to Springdale. A number of the questions explored the need for--and the absence of--a guard and warnings on the planer. In response, Springdale's attorney provided copies of correspondence that Springdale had received from Yates-American.
 
 
 13
 On September 21, 1993, the Goads' action against Springdale was dismissed as being barred by Washington's Labor and Industries laws. The present action was filed in state court on October 15, 1993. It was removed to federal court on February 14, 1994, based on diversity of citizenship. Yates-American moved to dismiss on the grounds that the lawsuit was filed after Washington's three-year statute of limitations had run. The district court agreed and granted summary judgment in favor of the defendants.
 
 II
 
 14
 We review de novo the district court's grant of summary judgment based on Washington's statute of limitations. Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1993). Therefore, we will consider all of the evidence in favor of the Goads (the non-moving party) and will affirm only if there is no genuine issue of material fact concerning the triggering of the statute of limitations. Del Guzzi Construction v. Global Northwest, Ltd., 719 P.2d 120, 123 (Wash.1986).
 
 III
 
 15
 The Goads brought this action under the Washington Product Liability Act ("WLPA"), which has a three-year statute of limitations, Wash.Rev.Code § 7.72.060(3). The limitations period begins to run when the claimant knows, or should know, of all the essential elements of the cause of action. Id.; Allen v. State, 826 P.2d 200, 203 (Wash.1992). However, "[t]he key consideration ... is the factual, not the legal, basis of the cause of action. The action accrues when the plaintiff knows or should know the relevant facts, whether or not the plaintiff also knows that these facts are enough to establish a legal cause of action." Allen v. State, 826 P.2d at 203.
 
 
 16
 Where, as here, the plaintiff claims that the statute did not begin to run at the time of the accident, the plaintiff bears the burden of showing that he or she could not have, through the exercise of due diligence, discovered the elements of the cause of action at an earlier date. G.W. Constr. v. Professional Service Indus., Inc., 853 P.2d 484 (Wash.App.1993), review denied, 123 Wn.2d 1002 (1994). Whether the plaintiff fulfills this burden is for the jury to decide unless the facts are susceptible to but one interpretation. Goodman v. Goodman, 907 P.2d 290, 294 (Wash.1995).
 
 
 17
 The Goads filed this action on October 15, 1993. Therefore, in order to prevent their claim from being barred by the statute of limitations, the Goads must show that they did not know, and had no reason to know, of their cause of action against Yates-American before October 15, 1990.
 
 
 18
 The Goads assert that they were not aware that the planer was defective until February 9, 1993, when Springdale produced Yates-American's warning letters. This argument is untenable in light of the undisputed facts. For example, on December 21, 1989, Goad stated that future accidents could be prevented with the installation of a guard. This statement demonstrates that Goad had come to the conclusion that the planer lacked adequate safety equipment. Moreover, even before the letters were produced, the Goads, in their complaint against Springdale, characterized the planer as "defective, and hence dangerous." Furthermore, many of the questions in the Goads' interrogatory, also sent before the Yates-American letters were produced, explored the need for, and the absence of warnings or guards on the planer, thus demonstrating that the Goads were aware of the alleged defect.
 
 
 19
 The open and obvious nature of the lack of a guard and warnings on the planer also undercuts the Goads' claim that they did not, and could not know of the alleged defect before the Yates-American letters were produced. The Goads' case is similar to Gevaart v. Metco Construction, Inc., 760 P.2d 348 (Wash.1988), in which a plaintiff, Debbie Gevaart, was injured when she fell down a stairway which had a sloping top step. Gevaart hired an attorney whose expert reported that the step was negligently designed and constructed. More than three years after the accident, but less than four months after the expert's report, Gevaart sued the company which built the stairs.
 
 
 20
 The trial court, finding no issue of material fact in dispute, granted Metco Construction's motion for summary judgment because the action was time-barred. Gevaart appealed, claiming that she did not know that the step was negligently designed and constructed when she fell. Id. The Washington Supreme Court rejected this argument and held that the cause of action arose on the date she fell because she knew then that the step sloped backwards, and by the exercise of due diligence, "she could have determined that the step did not conform to the building code and further, the true reason why the slope existed." Id.
 
 
 21
 Just as the plaintiff in Gevaart, Goad was aware of the alleged defect--the lack of a guard or warnings--on the date of the accident. Moreover, Goad demonstrated his knowledge of this alleged defect two months after the accident when he told the Department of Labor and Industries that similar accidents could be prevented by the installation of a guard.
 
 
 22
 Goad does not distinguish (or even mention) Gevaart. Instead, Goad argues that he did not know, and had no reason to know that the planer was defective because the Labor and Industry report concluded that there was no defect. Goad contends that his case is like that of North Coast Air Service v. Grumman Corp., 759 P.2d 405 (Wash.1988). In North Coast, a pilot was killed when his Grumman Mallard crashed. The official investigation of the accident concluded that the crash was caused by pilot error and not mechanical defect. Ten years later, after learning that another Grumman Mallard stalled on takeoff because of a defective elevator assembly, the pilot's father began investigating his son's crash. In the course of this investigation, the father located a piece of his son's plane's wreckage which allegedly contained a defective elevator linkage. Id. at 406. Subsequently, the son's estate and the corporate owner of the crashed airplane filed suit against the airplane's manufacturer.
 
 
 23
 The Washington Supreme Court held that this claim was not automatically barred by the three-year statute of limitations because the "[p]laintiffs had no more reason to believe that there was any defect in the aircraft than to believe or disbelieve the accuracy of the official investigation that the cause of the harm was pilot error and not the result of mechanical defect." Id. at 411. The court held that whether the plaintiffs in due diligence should have discovered the defect earlier was a question of fact that must be resolved by the jury. Id.
 
 
 24
 In North Coast, the factual question at issue was when the plaintiffs, using due diligence, should have discovered the defect which led to the accident. The Washington Supreme Court held that, in light of the official report attributing the accident to pilot error, a dispute over a material fact existed as to when the plaintiffs should have learned of the defect. Here, in contrast, the factual question at issue is whether Goad actually discovered the defect before October 15, 1990. The undisputed facts show that Goad was aware of the lack of a guard and warnings at the time of the accident. Therefore, we affirm the order of the district court.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Edward Rafeedie, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3