FILED
COURT OF APPEALS
DIVISION II

2015 JUL 14 AM 9: 00

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| VALERIE ANDERSON and STEVEN B. ANDERSON, husband and wife and the marital community thereof, | No. 46549-3-II |
| Appellants, | |
| v. | |
| MASON COUNTY; BARBARA BRADSHAW and JOHN DOE BRADSHAW, husband and wife and the marital community thereof, owners of Allyn View Mobile Home Park, | UNPUBLISHED OPINION |
| Respondents. | |

WORSWICK, J. —Valerie Anderson suffered injuries in 2011 when she fell into a sinkhole she contends was caused by Mason County's negligent decommissioning of a septic tank in 2000 or 2001. Anderson appeals the superior court's summary judgment dismissal of her claim against Mason County. Anderson argues that the superior court erred in applying the construction statute of repose, RCW 4.16.310, because (1) the discovery rule and not the statute of repose applies to her claim, and (2) the statute of repose had not yet run because the county performed repair work in 2010. We affirm.

No. 45407-6-II

## FACTS

In 1999 or 2000, Mason County required the Allyn View Mobile Home Park (Allyn View) to convert their sewage disposal from a septic tank system to the county's sewer system. In 2000 or 2001, Mason County decommissioned the septic tanks.

In 2010, a sinkhole formed at Allyn View. Allyn View's owner and manager reported the sinkhole to the county, alleging that the sinkhole formed because the septic tank was not properly decommissioned. Clerk's Papers (CP) at 28. The county filled this hole with gravel in February of 2010.

In February of 2011, Valerie Anderson was walking at Allyn View in a different location than the 2010 sinkhole, when a new sinkhole opened up beneath her. She fell into the sinkhole, injuring her arm.

Anderson sued the county for her injuries.[1] The county moved for summary judgment, arguing that the six-year construction statute of repose[2] barred Anderson's recovery for injuries stemming from the removal of the septic tanks in 2000 or 2001 because the cause of action did not accrue until 2011. The superior court granted the county's motion. Anderson appeals.

## ANALYSIS

Anderson argues that the superior court erred by ordering summary judgment dismissal because the discovery rule barred application of the statute of repose until Anderson's injury, or

---

[1] The record on appeal does not contain Anderson's complaint. It appears she sued Mason County for negligence.

[2] RCW 4.16.310.

2

alternatively because the statute of repose has not expired by virtue of the county's 2010 repair work on a sinkhole. We disagree.

## I. STANDARD OF REVIEW

We review a trial court's order granting summary judgment de novo, engaging in the same inquiry as the trial court. *Clark County Fire Dist. No. 5 v. Bullivant Houser Bailey P.C.*, 180 Wn. App. 689, 698, 324 P.3d 743, *review denied*, 181 Wn.2d 1008 (2014). We resolve all factual disputes and reasonable inferences in favor of the nonmoving party. *Clark County Fire*, 180 Wn. App. at 698. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Clark County Fire*, 180 Wn. App. at 698. When construing a statute, we determine legislative intent by giving effect to the plain language of a statute when possible. *Parkridge Assocs., Ltd v. Ledcor Indus., Inc.*, 113 Wn. App. 592, 602, 54 P.3d 225 (2002).

## II. CONSTRUCTION STATUTE OF REPOSE

The construction statute of repose provides:

All claims or causes of action as set forth in RCW 4.16.300 shall accrue, and the applicable statute of limitation shall begin to run only during the period within six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later.

RCW 4.16.310. RCW 4.16.300 provides that the statute of repose "shall apply to all claims or causes of action of any kind against any person, arising from such person having constructed, altered or repaired any improvement upon real property."

Statutes of repose differ from statutes of limitation because "'[a] statute of limitation bars plaintiff from bringing an already accrued claim after a specific period of time,'" whereas a "'statute of repose terminates a right of action after a specified time, even if the injury has not yet occurred.'" *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 574-75, 146 P.3d 423 (2006) (quoting *Rice v. Dow Chem. Co.*, 124 Wn.2d 205, 211-12, 875 P.2d 1213 (1994)); *see also Wash. State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Constr. Co.*, 176 Wn.2d 502, 511, 296 P.3d 821 (2013). Thus, we perform a two-step analysis for a cause of action arising from construction, alteration, or repair of an improvement to real property: first, the cause of action must accrue within six years of either substantial completion or termination of services and, second, the claim must be filed within the applicable statute of limitations once the cause of action has accrued. *1000 Virginia Ltd. P'ship*, 158 Wn.2d at 575.

## III. DISCOVERY RULE DOES NOT RESCUE ANDERSON'S CLAIM

Anderson first argues that the discovery rule and not the statute of repose applies because she could not have discovered the harm resulting from the septic tank removal until 2011. We disagree, because the discovery rule does not apply to Anderson's claim.

Our Supreme Court in *Gevaart v. Metco Construction, Inc.*, 111 Wn.2d 499, 502, 760 P.2d 348 (1988) has already rejected the proposition that the discovery rule overcomes the statute of repose. The *Gevaart* court specifically held that the statute of repose limits the discovery rule and absolutely bars claims that have not accrued within six years. *Gevaart*, 111 Wn.2d at 502. Anderson's argument fails.

## IV. STATUTE OF REPOSE BARS ANDERSON'S CLAIM

Anderson next argues that her claim is not barred because the statute of repose began to run in 2010 when the county filled a sinkhole. We disagree.

Anderson argues that the 2010 sinkhole repair began a new statute of repose because it was a "repair" under the meaning of RCW 4.16.300, and "Mason County was aware that the two holes they were filling were a part of a larger and connected septic tank field." Br. of Appellant at 12. But Anderson cites no authority for the idea that Mason County's subjective knowledge of other decommissioned septic tanks in the area means that the 2010 work triggered a statute of repose relevant to the 2011 sinkhole. We reject this interpretation of the statute of repose.

Furthermore, Anderson does not argue, nor are there any facts in the record to suggest, that the 2010 repair work bore any causal relationship to the formation of the 2011 sinkhole. Anderson's cause of action arises from the decommissioning of the septic tanks in 2000 or 2001, not from the filling of the sinkhole in 2010. It is undisputed that Anderson fell in a hole that formed in 2011 in a different location than the 2010 repair. Anderson acknowledges that the "improperly filled septic tanks[,]" not the filling of the sinkhole in 2010, gave rise to her claim. Br. of Appellant at 9. Thus, the 2010 work did not trigger a statute of repose relevant to Anderson's claim.

Here, it is uncontested that the county substantially completed its work removing the septic tanks in 2000 or 2001. Thus, any claim arising from this project had to accrue in 2007 at the latest. And the parties agree that the cause of action did not accrue until 2011 when Anderson fell into the sinkhole. Thus, her claim is barred under the statute of repose.

No. 45407-6-II

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Johanson, C.J.

_____
Melnick, J.